Pennsylvania Railroad Company, Appellant,
*v.* Allegheny County.

Argued October 14, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

Samuel W. Pringle, of Dalzell, McFall & Pringle, for appellant.

Walter P. Smart, Assistant County Solicitor, with him Charles Alvin Jones, County Solicitor, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1936:

In this action the Pennsylvania Railroad Company sought to recover damages from the County of Allegheny for injuries to a large water pipe line belonging to the railroad company, due, so it is alleged, to the piling of great quantities of earth and other débris on a hillside, the weight of which caused the earth of the hillside to move, with the result that the adjacent water pipe was disrupted at the joints, compelling large expenditures by plaintiff for repairs and relocation. The earth and other material came from an excavation made necessary by the construction of the Moss Side Boulevard, a new highway built under a contract with the county by R. H. Cunningham and Sons Company. The jury rendered a verdict in plaintiff's favor for $15,776.21. The court below on review of the case came to the conclusion that the Cunningham Company was an independent contractor and, therefore, the county was not liable for the damage done. Accordingly judgment was entered for the de-

fendant non obstante veredicto and we have this appeal by plaintiff.

If the conclusion reached by the court is correct, that is the end of the case and other issues raised by appellant drop from consideration, as they are of no moment. Our study of the contract and of the testimony leads us to approve the action of the trial court.

When the terms of the principal clause of the contract are taken into account, it would seem quite out of the ordinary if the builders of the highway were not independent contractors and are not to be so considered in determining the legal relation of the parties to it and the rights of those affected by carrying it out. It provides: "The contractor agrees with the County to furnish all the necessary materials, labor, plant, machinery and appliances, and at his own risk and expense, construct and complete within the time specified in this contract, time being the essence of this contract, in accordance with the attached instructions to bidders, the proposal, the specifications, the contract plans, standards for construction and such detail drawings as may be furnished or approved by the Director and such instructions as may be issued by him during the progress of the work hereinbefore described for the following prices." Then follow unit prices for estimated excavation, work, materials, etc., at a gross cost of $704,936.

In *Simonton v. Morton*, 275 Pa. 562, 119 A. 732, we took occasion to review the standards for determining who are independent contractors. The controlling general principle is, "Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to the result, the employment is an independent one establishing the relation of a contractee and contractor and not that of master and servant."

Meeting the argument advanced in that case as in this, that in certain of its aspects the contractee had the right to exercise control over the work, we observed that these

provisions were "for the purpose of guaranteeing ultimate performance in accordance with the agreement, not to fix control over the means and manner of execution," saying in this connection, "There necessarily must be a certain control by the contractee of all undertakings . . . otherwise he could not safeguard himself as to the satisfactory accomplishment of the work." Quoting from 14 Ruling Case Law 71, we said: "The control of the workmen doing the actual manual labor in the performance of the work is an extremely important element in determining whether the employee is an independent contractor. The fact that the contractor employs, pays, and has full power to control the workmen is practically decisive of his independence." Such is the situation now before us.

We again had to consider the legal principles necessary to be invoked in determining the status of a contractor in *Smith-Faris Co. v. Jameson Memorial Hospital Assn.,* 313 Pa. 254, 169 A. 233. We there commented upon and approved the rulings in *Simonton v. Morton,* and added: "It is clear that the Hospital Association reserved to itself a certain degree of control over the work to be done by the construction company, but this control did not take away the latter's independence; it merely removed that independence a few degrees further away from absoluteness than it otherwise would have been. In actuality all independence is more or less relative. Only when the independence of a contractor is so completely taken away as to make his selection of the means and methods of carrying out his work subject to his employer's will does he become a mere employee or agent."

Measuring the contract before us, which we have read with care, and without setting forth its many provisions said to have a bearing on the question to be decided (it covers 70 pages in the record) we are of the opinion, free from doubt, that the Cunningham Company was an in-

dependent contractor and that, therefore, no recovery can be had from the County of Allegheny.

Judgment affirmed.