RAMÓN MONTANER, MANAGER, ETC., Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; JOSÉ ORTIZ RIVERA, Claimant. SAME *v.* SAME; HIGINIO VALLE ET AL., Claimants.

Nos. 226 and 227.   Argued July 23, 1941.—Decided July 26, 1941.

*George A. Malcolm, Attorney General, Emilio de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal González* and *G. Atiles Moreu, Legal Advisers of State Insurance Fund,* for appellant. *Luis Mercader* for employer.   *J. Pedro Miranda* for claimants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

These two appeals involve the same question, were heard together, and will be considered in a single opinion herein.

The commission in the Ortiz case, appeal No. 226, held as proven the following facts:

"That Andrés Ortiz Vélez was a workman engaged by Pablo Pagán to operate a truck belonging to the latter;

"That Pablo Pagán had leased to José Vives a truck belonging to the former for the transportation of sugar cane from a barrio of the Municipality of Utuado to a crane of Central Cambalache located in another barrio;

"That José Vives had a contract with Central Cambalache for the transportation of sugar cane, using for the purpose trucks belonging to several persons, among whom was Pablo Pagán;

"That Andrés Ortiz Vélez met with an accident on April 28, 1939, while working in the truck of Pablo Pagán in the transportation of cane to Central Cambalache, which accident was the result of an act or function inherent in his work and took place in the course of such work and as a consequence thereof and in which he lost his life;

"That neither Pablo Pagán, the owner of the truck, nor José Vives, who had leased the truck for transporting cane to Central Cambalache, was insured with the State Fund on April 28, 1939, while working on the job of transporting cane to Central Cambalache;

"That about April 28, 1939, Central Cambalache, the owner of the cane was an employer which was insured with the State Insurance Fund."

It concluded:

"That as no insurance against work accidents had been taken by the independent contractor José Vives with whom the principal employer Central Cambalache had contracted, and as the latter was duly insured in accordance with Act No. 45 of April 18, 1935, Central Cambalache, as principal insured employer, is liable for the accident sustained by the workman Andrés Ortiz Vélez, and the State Fund must pay the proper compensation, under the law, to those who, upon due investigation, are found to be beneficiaries of the deceased workman."

In the other case, namely, that of Higinio Valle and Esmeralda Crespo—appeal No. 227—the facts as found by the commission are as follows:

". . . On March 8, 1940, the workman Angel Valle was working as helper in operating a Ford truck which belonged to the uninsured employer Martín Linares. The employer Martín Linares was operating two trucks in the transportation of native produce and sugar cane. Martín Linares prior to the accident, had contracted with the

insured employer Juan Estades for the transportation of the latter's cane from his plantation to Central Los Caños. The employer Juan Estades testified at the hearing that he grows cane which is ground in the mills of Central Los Caños; that he has to carry his cane from his plantation to the factory of Central Los Caños, for which he uses his own trucks and trucks belonging to other people whom he engages at sixty cents per ton of cane delivered at the Central. . . . . On the day of the accident a truck belonging to Martín Linares, with whom he contracted for the transportation of the cane of Juan Estades, he was driving a truck loaded with the cane of Juan Estades to Central Los Caños. It was then that the truck loaded with Juan Estades's cane was overturned and injured the workman Angel Valle while the latter worked in operating said truck; and as the result of such accident or injury Angel Valle lost his life.''

The commission concluded that—

''. . . . Martín Linares was engaged in a work directly connected with Juan Estades' business. Martín Linares is in such case an independent contractor who was not insured at the time of the accident and was performing a work, contract, or job in connection with the business or trade of employer Juan Estades, the owner of the plantation and of the cane and an employer duly insured in accordance with Act No. 45 of April 18, 1935.

''It is our opinion that Section 19 of Act No. 45 of April 18, 1935, controls this controversy.''

In both cases the Manager of the State Insurance Fund, who is the appellant, states the question to be decided in similar terms—except that in the former case José Pagán is the person concerned and in the latter it is Martín Linares —thus:

''In *Montaner, Mgr.,* v. *Industrial Commission,* 57 P.R.R. 272, there was involved the case of the owner of mechanic shop, Antonio Rivera, who did a repair work in a tank for the West India Oil Co., a retailer of gasolene. An accident occurred which resulted in the death of a workman of the owner of the repair shop. The workman's parents, as his beneficiaries, filed a claim with the State Insurance Fund. We alleged on that occasion that Antonio Rivera was the owner of an independent business who could not be regarded as

an independent contractor in contemplation of section 19, *supra*. This Court then upheld the Industrial Commission and declared that Antonio Rivera was an independent contractor, and that as he was not insured with the State Insurance Fund, as was the West India Oil Co., the injured workman was covered by the policy of the latter concern.

"The arguments then used by us are, however, far more applicable to the instant case where a public carrier is involved. If it were decided that Pablo Pagán is a contractor or subcontractor in contemplation of section 19, *supra*, we would make it obligatory for all employers to include in their pay rolls the total of all the payments effected on account of the transportation of materials, produce, and employees or, otherwise, to deprive themselves of the services of any public carrier unless the latter showed to be an insured employer. The failure to do so would make the employer a violator of the law and liable to be prosecuted criminally. Incidentally, all public carriers, in the latter case, would be compelled to comply with the provisions of the Workmen's Compensation Act irrespective of the number of persons actually employed by them. Is this the meaning of the law? We do not think so, and we submit this point in order that this high tribunal may enlighten us and enable us to direct the course to be followed by the State Fund in its proceedings."

In *Montaner, Mgr.*, v. *Industrial Commission*, *supra*, a study is made of what is understood by an independent contractor citing, among others, the following definition:

"Where contract is let for work to be done by another in which contractee reserves no control over means of its accomplishment, but merely as to result, employment is independent one establishing relation of 'contractee' and 'contractor,' and not of 'master' and 'servant'." *Penn. R. R. Co.* v. *Allegheny County*, 188 A. 178, 179, 324 Pa. 216.

According to the above definition, there is no doubt that the commission decided correctly in ruling that José Vives and Pablo Pagán, in the former case, and Martín Linares, in the latter case, were independent contractors of Central Cambalache and of Juan Estades, respectively.

As said independent contractors were not insured but Central Cambalache and Juan Estades were so insured with

which they had contracted and for which they were doing the work contracted for with their workmen who included those who lost their lives as the result of accidents which occurred in the course of their employment, are such contractors personally liable for the accident as uninsured contractors, or are they covered by the insurance taken by such employers as they and their workmen worked for?

In our judgment, they are covered by said insurance, as was properly ruled by the commission. It was with this object in view that the Puerto Rican Legislature, when passing Act No. 45 of 1935 (Session Laws, p. 250), "to promote the welfare of the inhabitants of The People of Puerto Rico, in or regarding accidents causing death or injuries, or diseases or death caused by the occupation of the workmen in the course of their employment;" etc., provided in section 19 thereof, without distinguishing as regards public carriers, as follows:

"Every insured employer shall, on reporting his annual payrolls, include in said payrolls the wages paid to all the workmen and employees working for or employed by him, whether by the job or under some person with whom the employer contracted for the job, or under a contractor or independent subcontractor employed or contracted by said employer; and all accounts or taxes collected by the State shall be based on the employer's current payroll in which shall be included the above-mentioned laborers; *Provided,*. That this provision shall not be applicable to employers for whom work is done by an independent contractor who is insured as an employer under the provisions of this Act."

The law is clear and conclusive. Referring to the matter regulated by it, it is stated in Bradbury's Workmen's Compensation, Chapter 9, p. 264, as follows:

"The compensation acts have created an entirely new relation between principals and principal contractors and the employees of contractors and subcontractors. Heretofore, under certain circumstances, it has been held that those who held themselves out to be principals or principal contractors in relation to contractors and subcontractors were really the employers of workmen who ostensibly

were employed by contractors and subcontractors. In those cases it was held that the relation of master and servant was really created between the principal or the principal contractor and the employees who were directly employed by contractors or subcontractors. . . .

"But under many of the compensation acts principals and principal contractors are liable directly to employés of contractors and subcontractors, without regard to the question of whether or not the relation of master and servant is created . . . . . . .

"Not all of the compensation acts contained provisions of this character. In many of them the liability is conditional. That is, in many instances, if the contractors or subcontractors have insured their liability to their employés then the principals or principal contractors are relieved from liability. . . . . ."

Our statute, as we have seen, is conditional. It is only applicable in those cases where the independent contractor is not insured. What matters is that in any event the workman and those dependent on him are secured through the State Insurance Fund.

It seems advisable to transcribe the following introductory statements regarding the note to the *Doherty's Case* decided by the Supreme Judicial Court of the note to Massachusetts, 2 N. E. (2d) 186, which appear in 105 A.L.R. 581, since they show the present state of the law on the subject and its purpose, as the same has been construed and fixed by court decisions. They are as follows:

"This annotation supplements that in 58 A.L.R. 872.

"In a comment note in 78 A.L.R. 493 (Workmen's Compensation, sec. 12), entitled 'Independent contractors and workmen's compensation acts,' will be found reference to several annotations involving questions related to those discussed herein.

"As stated in the previous annotation, provisions are rapidly being added to the workmen's compensation acts in different jurisdictions, making 'principals,' 'principal employers,' 'general contractors,' etc., liable for compensation to employees of independent contractors and subcontractors, and these provisions vary greatly in the different jurisdictions.

"Statements by the various courts, in decisions since the previous annotation, confirm the statement made therein to the effect that

the chief purpose of provisions of this type is to protect the employees of subcontractors who are not financially responsible and prevent employers from relieving themselves of liability by doing through independent contractors what they would otherwise do directly through employees."

Both appeals must be dismissed and the decisions of the Industrial Commission in both cases affirmed.