## Hausler v. Yonosko

*Charles Wasilefski,* for plaintiff.
*David A. Lehman, for* for defendant.

CALDWELL, *J.,* October 5, 1977—This action arose from an automobile collision which occurred on November 9, 1974, in Lower Paxton Township. Trial was held on June 22, 1977, and the jury returned verdicts in favor of plaintiff Nathan Hausler, in the amount of $5,000, and Susan K. Hausler, in the amount of $25,000. Thereafter, defendant filed the motion for a new trial on the issue of damages which is now before us.

Defendant contends that the court erred in permitting plaintiffs' counsel, in closing argument, to utilize a blackboard for the purpose of projecting computations of future medical expenses and diminished earning capacity. It is conceded that the calculations were based on figures properly in evidence and that the method of calculation was one sanctioned by our appellate courts. Defendant's objection is bottomed on the theory that such calculations are prejudicial when done by an attorney on a blackboard, and that argument as to future damages should be limited to *oral* argument of testimony from expert witnesses on the question.

The procedure employed in closing argument by plaintiffs' counsel was to write Mrs. Hausler's medical expenses and lost wages on the board.

Counsel then listed an item labeled "for future medical expenses" opposite which he placed the figure $25,800. This amount, he told the jury, was computed by multiplying $500 per year (a sum estimated by plaintiffs' physician) times Mrs. Hausler's life expectancy of 51.6 years (taken from statistics of life expectancy).

Counsel next placed on the blackboard an item labeled "for loss of earning capacity" opposite which he wrote the number $27,293.76. This, he stated, was obtained by multiplying Mrs. Hausler's present salary ($8,420) by 9% (which was within the range of plaintiff's permanent partial disability) and then multiplying by 36 years her work expectancy from the applicable tables.

At the time of these statements, counsel emphasized that the amounts on the blackboard were to be used as a guide and not as a suggestion of the ultimate damages which should be awarded. In its charge, the court further instructed the jury on this matter as follows: "If you find that either party will encounter future medical expenses, you may also include in your award an amount for future medical expenses. You must remember, however, that you are dealing with an unknown quantity here *and you must base you decision on what you heard from the witness stand....*

\*　　\*　　\*　　\*

"If you find that the plaintiff is partially disabled, then you must determine whether she has sustained any impairment of her earning power, and if so, to what extent and for what period of time it will continue. She would be entitled to an amount representing the difference between what she would have been able to earn in the future had she not been injured and what you find she will be

able to earn in the future because of her resulting condition. . . .

\* \* \* \*

"Mr. Wasilefski has projected certain things on the board there based on a maximum period of employment and the application I think of the nine percent disability. *That is a guide and only a guide to you in judging what the loss of earning capacity in this case might be. You must consider all of the evidence in determining that. . . .*

"*As an aid to you and only as an aid in determining Mrs. Hausler's future loss of earning capacity, if any, Mr. Wasilefski read into the record certain statistics taken from the United States life tables....*" (Emphasis supplied.)

The propriety of the arguments and remarks of counsel is to be determined by the court under all the facts and circumstances existing at a trial: Abrams v. Philadelphia Suburban Transportation Co., 438 Pa. 115, 264 A.2d 702 (1970); Menarde v. Philadelphia Transportation Co., 376 Pa. 497, 103 A.2d 681 (1954). Defendant concedes both the mathematical and theoretical correctness of counsel's computation, and contests only the fact that it was performed visibly by counsel in closing argument. We are of the opinion that this form of closing argument was permissible and that defendant's case was not prejudiced thereby.

Defendant further contends that he is entitled to a new trial because the figures placed on the blackboard were not reduced to present value. However, the jury was charged at length concerning the reduction of future losses to present value, and, with reference to the values placed upon the blackboard, was specifically instructed as follows:

"I would say, ladies and gentlemen, that the figures testified to by Dr. Stoner or based on the tes-

timony of Dr. Stoner for future medical expenses and lost earning capacity as shown on the board have not been reduced to their present value. So just for the sake of an assumption if you assume that there was a loss of earning capacity of $25,000 over the course of the next thirty-six years you would have to reduce that to a sum that invested today would pay out $25,000 including the interest and principal and would be consumed at the end of thirty-six years.

"The same theory applies to future medical expenses. . . ."

We feel that the jury was fully instructed on the proper method of calculating future losses, if any, and that they were not misled by counsel's utilization of the blackboard or the fact that his illustration was not reduced to present worth. In any event, we do not deem the matter of sufficient import to warrant a new trial and conclude that the damages awarded are fully supported by the evidence.

## ORDER

And now, October 5, 1977, defendant's motion for a new trial is denied.