## Martin et vir. *v.* Wentz et al., Appellants.

425

Argued May 7, 1941.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, HIRT and KEN-
WORTHEY, JJ.

*J. Roy Dickie*, with him *H. A. Robinson*, of *Dickie, Robinson & McCamey*, for appellants.

*E. V. Buckley*, of *Mercer & Buckley*, for appellees.

OPINION BY BALDRIGE, J., July 18, 1941:

These appeals are from two judgments obtained by the plaintiffs in an action of trespass brought to recover damages for personal injuries and expenses incurred as a result of defendants' alleged negligence. The jury returned a verdict of $1500 in favor of the husband and $2000 for the wife against all the defendants except the Union Trust Company of Pittsburgh, trustees for the minor devisees of Grant C. Nobbs.

The appellants' sole assignment of error is to the refusal of the court below to enter judgment in their favor n. o. v. Following the well recognized rule we will consider all the evidence and inferences therefrom in the light most favorable to the plaintiffs.

The husband plaintiff leased from the defendants the entire second floor of premises located at 2625 Penn

Avenue, Pittsburgh. The rear part of the building is but one story high and is used as a print shop. Plaintiffs, by means of a door, had access to the roof above the shop and used it for storing coal and garbage, as well as hanging out clothes on a line strung from posts and hooks placed there apparently for that purpose. About 1:00 P.M. on September 27, 1938, the wife plaintiff, in reaching up to pin a cotton "sheet blanket" on the line, slipped and fell 3 or 4 feet forward over the edge of the roof onto the ground 12 feet below, sustaining severe injuries.

Sometime prior to August 25, 1938, the Union Trust Company, acting for the owners of the building, employed Sylvester Vaughan, a roofer, to repair this roof. Vaughan and his helper covered a space 12 feet square with plastic cement coated with liquid asbestos fibre roof coating. Alexander Martin and his son after the accident examined the roof and found a foot mark in the tar apparently marking the place where Mrs. Martin had slipped and fallen. She had been hanging out the clothes since 10:00 A.M. that morning and had not noticed any soft spots alleged to have existed. The entire roof, which was about 25 feet by 22 feet, had the same general appearance. The husband testified in part as follows:

"Q. Was there anything that you could see upon a casual examination of it that looked any different up to the time you made a careful examination of it?

"A. If we hadn't been kneeling down looking at it we would have never noticed it.

"Q. About how much thicker was that part?

"A. About that much thicker than the other part (indicating).

"Q. You indicate between one-eighth and one-quarter of an inch?

"A. Well, whatever the measurement would be.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Q. Did you notice whether it was one continuous area that was thicker?

"A. Just that one spot was a little thicker. As I say, if we hadn't been kneeling down we would have never noticed it."

The alleged dangerous condition of the repaired roof to persons lawfully upon it evidently was hidden or latent due to the peculiar nature of the substance used. To all outward appearances the roof presented a uniformly hard surface. Mrs. Martin testified that as she moved over the roof, back and forth, she had not noticed any difference between the repaired portion and the old part of the roof. There was no evidence to establish that the defendants had any knowledge of the alleged dangerous condition.

The appellants' main contention is that plaintiffs failed to establish their negligence. The roof was not expressly mentioned as a portion of the leased premises, which included only "all that certain 2d floor of the building located at 2625 Penn Avenue, with the common use of the hallway and stairs with the other tenants, down to and including the sidewalks." Under the testimony of the husband plaintiff, Mr. Miller, who executed the lease on behalf of the defendants, consented to the use of the roof for hanging clothes. We therefore assume that Mrs. Martin was not a trespasser. The defendants in such circumstances owed them the duty of ordinary care to make the premises and roof safe. See *Baldwin v. McEldowney*, 324 Pa. 399, 188 A. 154; Restatement, Torts, §360.

In considering the question of what constituted the omission or duty upon which plaintiffs rely as constituting negligence, we refer to the excerpt from the judge's charge, which plaintiffs concede states correctly the alleged breach of duty: "In connection with these repairs which it is contended were made to the roof it is important for you to remember that the plaintiffs do

not contend that these repairs were made in a negligent manner or that the material used in coating a patch on the roof was of an improper kind and quality. The plaintiffs do not challenge the nature and character of the repairs and the material used in making the repairs, *but the plaintiffs contend that the defendants were negligent in failing in their duty toward the plaintiffs by failing to notify or advise Mrs. Martin or Mr. Martin that repairs had been made to the roof and that she should keep off the new patch until it had become sufficiently hardened so that it could be walked on without danger.*" (Italics supplied.)

In view of the jury's verdict, we must accept as true Mrs. Martin's statement that she had no notice of the fact repairs were made to the roof although there was evidence to the contrary. Her husband admitted that ten or fifteen days before the accident while standing in the kitchen he saw men working on the roof with buckets of tar. The undisputed evidence clearly establishes that Vaughan was an independent contractor and not an agent or servant of the defendants or of the Union Trust Company, acting for defendants. The trust company simply contracted with Vaughan to make the needed repairs to the property and he guaranteed that the work would be done satisfactorily. He selected the materials to be used and determined when and how the work was to be done. Neither the appellants nor the trust company retained control over the details of the work or the methods used.

The rule is well recognized that where a contract is entered into for work to be done by another in which no control is reserved over the means of its accomplishment but merely as to the result, the employment is an independent one establishing the relation of a contractee and contractor and not that of master and servant: *Colleoni v. Delaware & Hudson Co.,* 274 Pa. 319, 118 A. 248; *Simonton v. Morton,* 275 Pa. 562, 119

A. 732; *Nettis v. General Tire Co. of Phila., Inc.,* 317 Pa. 204, 177 A. 39; *Pennsylvania R. R. Company v. Allegheny County,* 324 Pa. 216, 188 A. 178.

Concluding as we do that the roofer was an independent, competent contractor defendants would not be liable for his negligence: Restatement, Torts, §409; *Allen v. Willard,* 57 Pa. 374, 381; *Silveus v. Grossman,* 307 Pa. 272, 161 A. 362; *Knopf v. Delaware County,* 292 Pa. 237, 140 A. 903; *Miller v. City of Erie,* 340 Pa. 177, 16 A. 2d 37. Was there a duty in such circumstances imposed upon the defendants to notify the plaintiffs that the work had been done and to remain off the roof until the material used had hardened? The obligation of the defendants certainly did not extend beyond making an examination of the work upon its completion as might be expected of a prudent layman, and if they found that it was not reasonably safe to use the roof, to so advise the plaintiffs: *Doerr et al. v. Rand's,* 340 Pa. 183, 16 A. 2d 377. The applicable principle may be stated in the following language appearing in the syllabus of *Lentz v. Allentown Bobbin Works,* 291 Pa. 526, 140 A. 541, and adopted by Mr. Justice SIMPSON in *Nettis v. General Tire Co. of Phila. Inc.,* supra, p. 210: "An owner of a building is not liable for injuries to a servant or to a person lawfully upon his premises by reason of latent defects of which he was ignorant and which could not have been discovered by the exercise of reasonable care and diligence." Under the evidence adduced it clearly appears that the alleged dangerous condition of the roof would not have been detected by such an inspection as defendants were required to make. Mrs. Martin, who was walking over the roof the morning she was injured, did not observe any dangerous condition. It was only after the accident that Mr. Martin by kneeling down and making a very close inspection discovered a difference between the old and the repaired portion of the roof.

We are of the opinion that the plaintiffs failed to show any actionable negligence upon the part of the defendants and therefore they are not entitled to recover in this proceeding. It is unnecessary, in view of this conclusion, to discuss whether the wife plaintiff was guilty of contributory negligence or any of the other questions raised by the appellants.

Judgments are reversed and now entered for defendants.