Abrams *v.* Philadelphia Suburban Transportation Company, Appellant.

Argued January 20, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Robert B. Surrick,* with him *Cramp & D'Iorio,* for appellant.

*Rodger L. Mutzel,* with him *Kassab, Cherry, Curran & Archbold,* for appellees.

OPINION BY MR. JUSTICE EAGEN, April 22, 1970:

Jennie Abrams, the wife-plaintiff in this action of trespass, was a passenger on a trolley car of the defendant when it was struck from the rear by another trolley car of the defendant. She suffered injuries in the accident and this action for damages on her own behalf and that of her husband followed. A jury trial resulted in a verdict for the plaintiffs.

Jennie Abrams was awarded $20,000 and her husband $6987.65.[1] Motions for judgment not withstanding the verdict or a new trial were filed and subsequently overruled. From the judgments entered on the verdict, the defendant appeals.

That the issue of liability was properly for the jury's determination is not now questioned. Appellant contends only that errors in the trial proceedings require a new trial.

In the course of the accident, Jennie Abrams sustained a hard blow to her left wrist and, as a result,

---

[1] The verdict for the husband specifically included an award for loss of consortium. The validity of this award was not raised below. Nor was the issue asserted here by way of assignment of error. Under the circumstances, we will not now consider it.

her wrist was severely bruised.[2] For many months following the occurrence, she was under the care of Dr. D. Richard Florio, an osteopathic physician. The injured wrist failed to respond to the treatments prescribed by Dr. Florio, and several weeks later a ganglion (a cyst or tumor filled with liquid) developed in the injured area. Dr. Florio finally recommended surgery and referred the patient to Dr. E. Dallett Sharpless, a surgeon, who removed the ganglion by operative procedure about five months after the accident. For his service, Dr. Sharpless submitted a bill for $120. Bills for services rendered in connection with the operation were also submitted by the attending anesthesiologist and the hospital.

As a witness for the plaintiffs at trial, Dr. Florio unequivocally testified that the ganglion was caused by the trauma to the wrist suffered in the accident. He also stated that removal thereof by surgery was necessary and that the charge of Dr. Sharpless was fair and reasonable for the service performed. At the conclusion of his testimony, Dr. Florio's bill for the services he personally rendered, as well as the bills of Dr. Sharpless, the anesthesiologist and the hospital were offered and received in evidence without objection.

The plaintiffs did not call Dr. Sharpless as a witness, but the defendant did. He expressed the opinion that a single act of trauma cannot cause a ganglion, and that therefore Jennie Abram's ganglion was not the result of the accident involved. He persisted in this position, although he admitted on cross-examination that certain well-recognized medical authorities do not agree with his view that a single act of trauma can never cause a ganglion.

After all of the evidence was completed, the defendants moved to strike from the record the bills of Dr.

---

2 Jennie Abrams also suffered other injuries.

Sharpless, the anesthesiologist and the hospital. The trial court denied the motion, and this ruling is assigned as error.

Citing *Mudano v. Phila. Rapid Transit Co.,* 289 Pa. 51, 137 A. 104 (1927), defendant argued that since the medical experts could not agree as to the cause of the particular injury, the plaintiffs did not meet the required burden of proof that the injury was the result of the accident. *Mudano* is inapposite. Therein the two medical experts, who disagreed in their ultimate conclusions as to whether or not the injury complained of was caused by the accident, were both called as witnesses by the complaining party. In such a situation, we held that the jury lacking scientific knowledge themselves should not be called upon to determine which expert was correct. Herein, Dr. Sharpless was not the plaintiffs' witness. There was no contradictory evidence as to causation introduced during the plaintiffs' case. Where the dispute as to causation arises because of conflicting testimony offered by the opposing parties, as is the case here, the issue is for the jury. *Butterfield v. Snellenburg,* 231 Pa. 88, 79 A. 980 (1911). Cf. *Campbell v. Gladden,* 383 Pa. 144, 118 A. 2d 133 (1955).

The defendant next contends that the trial court erred in refusing its motion to withdraw a juror following an allegedly unfair and prejudicial argument to the jury by the plaintiffs' counsel. This question arises out of the following circumstances.

Following the operation performed by Dr. Sharpless, Jennie Abrams continued to have difficulty with her left wrist and Dr. Florio then considered the possibility of a neuroma, i.e., injury to the nerve tissues and fibers. As a result, he referred the patient to a neurosurgeon who saw Jennie Abrams only on one occasion. This physician did not testify at trial. In arguing to the jury, counsel for the defense referred to the failure

of the plaintiffs to call this physician as a witness and urged that from this it could be inferred that his testimony would be detrimental to their cause. During his rebuttal argument, plaintiffs' counsel said that his clients did not have the money to call every possible witness and that if the defendant desired this witness to testify at trial, it had the financial means to do so. While refusing to withdraw a juror, the court did instruct the jury that the financial status of the parties was not involved and should not in any manner be permitted to affect their judgment in determining the issues for decision. Under all of the circumstances, we do not consider the incident of sufficient import to require a retrial.

Whether a lawyer's argument to the jury transgresses the bounds of legitimate advocacy is primarily for the discretion of the trial judge, and an appellate court will not interfere with the exercise of this discretion, unless the record manifests that it was clearly abused. *Leasure v. Heller*, 436 Pa. 108, 258 A. 2d 855 (1969). This is not such a case.

Finally, it is urged that the charge of the trial court was biased and too one-sided. We are not so convinced.

Judgments affirmed.