359 A.2d 800

Bonnie D. TRAYER, a minor by Delbert Trayer, her guardian, and Delbert Trayer, Individually, Appellants,

v.

James KING.

Superior Court of Pennsylvania.
June 28, 1976.

H. Ray Pope, Pope & Pope, Clarion, for appellant.

Charles R. Alexander, Alexander, Garbarino & Kooman, Clarion, for appellee.

CERCONE, Judge.

The instant appeal arises from a jury verdict which specially found that the defendant was negligent, and that the plaintiff was contributorily negligent. Because that verdict was amply supported by the evidence, and appellant points to no reversible error of law committed by the trial court, we will affirm.

The facts of the case, cast in the light most favorable to appellee,[1] are as follows: On November 25, 1971, at approximately 7:45 P.M., plaintiff-appellant, Bonnie Trayer, and her friend, Pamela Best, were walking along a semi-rural, two-lane road when both were struck by a truck owned by appellee, and driven by his employee Darl Horner. Miss Trayer and Miss Best were enroute to Miss Best's home in the expectation of later meeting another friend, Bernie Bussard. The roadway that Thanksgiving night was wet from a recent snowfall and dirty with cinders. Both girls were walking along the left-side of road facing oncoming traffic, but were clad in dark blue jackets. Prior to the accident a car driven by John Elmadollar in which Bernie Bussard was riding passed the girls traveling in the same direction, and pulled to the right-hand side of the road, its high beams glaring. According to a witness in a nearby house who was washing the dishes from the evening meal, the car re-

---

1. Only the propriety of the finding of contributory negligence has been appealed; and, with respect to that finding, we must read the facts in the light most favorable to defendant-appellee. See generally 2 P.L.E., *Appeals* § 434.

mained in that position for ten minutes immediately before the accident. The investigating officer testified that the window on the driver's side was rolled down when he arrived at the scene, a curious fact in light of the weather and road conditions. The driver of the truck which struck the girls testified that the girls were in the road in his lane of travel, and not on the shoulder (which was only two feet wide in the area of the accident), when he struck them. They were standing, he testified, approximately parallel to the door of the Elmadollar car which was stopped on the other side of the road. However, Horner could not see then prior to hitting them because he was blinded by the Elmadollar car's high beams. Indeed, he had flashed his own high beams on and off in an effort to signal the driver of the car to dim his lights, but to no avail. It was only immediately before impact that Miss Best realized that the truck would not avoid striking her and appellant, and she unsuccessfully attempted to pull appellant from its path. Miss Best also testified that she would not have been injured were it not for her brave attempt to save appellant.

On these facts it is obvious that the jury inferred that Miss Trayer had been inadvertent to a danger (the oncoming truck) which an ordinary, prudent person would have been aware of, and would have taken care to avoid; and, that such conduct created an undue risk of harm to appellant. W. Prosser, Torts 418 (4th ed. 1971). The evidence offered to circumstantially prove that appellant was distracted because of her conversation with the boys in the car supplied an explanation for her inadvertence and was obviously relevant. See generally I Wigmore on Evidence §§ 24–36 (1940). As such, the evidence which tended to indicate that the girls were conversing with the boys prior to the accident was admissible to support the inference that Miss Trayer was negligently inattentive, and was properly admitted without reference to whether that evidence proved by a prepon-

derance that appellant was standing in the road for the purpose of talking to the boys. *Id.* at §§ 28–29. The evidence established that appellee's truck collided with appellant when she was standing in the highway, darkly attired, in the path of appellee's oncoming truck while its lights were flashing from high to low beams, and that appellant made no attempt to extricate herself by stepping aside and thus avoiding what appellant should have realized was an obvious danger. The circumstantial evidence of conversation with the boys served to fortify that conclusion, so it was clearly admissible. 1 Henry, Pennsylvania Evidence § 26 (1953).

■ Appellant argues next that, even conceding the above to be true, she had an equal "right" to be in the roadway, so her conduct in remaining there was not negligent. This, as the case law demonstrates, is a non sequitur. Our Supreme Court stated in *Koppenhaver v. Swab,* 316 Pa. 207, 210–11, 174 A. 393, 394 (1934):

"It is quite true that a pedestrian's rights upon a paved roadway are equal to those of a vehicle under given circumstances. A pedestrian cannot, with impunity, walk or stand on a country roadway in the face of a known approaching vehicle. He must act as a reasonably prudent person would act under like circumstances. While a person on a highway is not bound to anticipate and guard against the negligence of another, and has the right to assume that drivers of vehicles will exercise ordinary care to protect one from injury, nevertheless a pedestrian walking or standing on a public highway in the country is bound to use reasonable care not only to observe automobiles that are approaching, but to be alert for automobiles approaching from the rear. There is no situation more dangerous to automobilists than a pedestrian walking on a public road at night facing the same direction as the approaching traffic. The glare of approaching headlights should warn him to stand aside; and while driv-

ers should be alert, as great, if not greater, care should be taken by the pedestrian who is freer to act." [Citations deleted.] See also *Miller v. Carey*, 117 Pa.Super. 218, 226, 177 A. 511 (1935).

In view of the facts in the instant case, the jury was entitled to infer that, with respect to her own safety, appellant abused her privilege to use the roadway, and was not entitled to damages for her consequential injuries. Second Restatement of Torts § 466. Therefore, it would have been error for the court to have instructed the jury that appellant had no duty to step off the highway and permit the truck to pass.

■ Appellant next contends that it was error for the lower court to refuse to charge the jury in accordance with *Kmetz v. Lochiatto*, 421 Pa. 363, 366, 219 A.2d 588, 589 (1966), wherein the late Justice Musmanno stated:

"The law does not require a pedestrian to drape himself in a sheet in order to cross the street and proclaim to all motorists what he is doing. Pedestrians are allowed to dress as they desire even if the apparel may or may not be in fashion and motorists who run them down may not complain because in November the pedestrian was not wearing a white duck suit."

We find that the lower court did not abuse its discretion in refusing to so charge the jury. *Kmetz* was a case where defendant-appellant contended that plaintiff should have been found guilty of contributory negligence *as a matter of law* because he was wearing dark clothing. In the instant case, appellant's attire was only one factor that the jury *could* consider in determining whether appellant was contributorily negligent in remaining in the road in the face of the oncoming truck, and appellee never suggested that appellant's failure to wear lighter clothing, per se, constituted contributory negligence.

■ Appellant's final arguments rest upon alleged improper and prejudical comments made by appellee's

counsel in his opening and closing remarks to the jury. However, the regulation of the arguments of counsel rests in the sound discretion of the trial court, and that discretion was not abused herein. *Leasure v. Heller*, 436 Pa. 108, 258 A.2d 855 (1969); *Burish v. Digon*, 416 Pa. 486, 206 A.2d 497 (1965). Although this case was vigorously contested, the remarks of counsel were not highly prejudicial, and the court properly admonished the jury as to the use to which those remarks could be put.

For the foregoing reasons, the order is affirmed.