503 A.2d 409

**Richard SPEER and Joyce Speer, his wife, Appellees,**

v.

**Jane BARRY and Thomas Barry, Appellants,**

v.

**Robert W. JOHNS, Appellee.**

Superior Court of Pennsylvania.

Argued April 9, 1985.

Filed Nov. 22, 1985.

Reargument Denied Jan. 30, 1986.

---

1. See, for example, *Commonwealth v. Calvert,* 463 Pa. 211, 344 A.2d 797 (1975).

Charles Kirshner, Pittsburgh, for appellants.

John L. Elash, Pittsburgh, for Speer, appellees.

Ira C. Houck, Jr., Pittsburgh, for Johns, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

Richard Speer and Joyce Speer, husband and wife, were tenants residing in one of the apartments of a duplex owned by Jane Barry in the City of Pittsburgh. On September 15, 1980, Richard Speer was injured when his foot broke through a board on the front porch used incommon by all tenants. He and his wife commenced an action against Jane Barry to recover damages for the injuries sustained as a result of his fall. Barry caused to be joined as an additional defendant an independent contractor, Robert W. Johns, who at the landlord's request had made repairs to another part of the porch on September 11, 1980, four days prior to Speer's fall. The action was tried before a jury which returned a verdict in favor of the Speers and against Jane Barry alone for $38,695. Post-trial motions were dismissed, and judgment was entered on the verdict. This appeal followed in which the appellant, Jane Barry, argues that trial errors compel a new trial. We disagree and affirm the judgment.

■ The first argument advanced by appellant is that the trial court erred when it required defense counsel to make an opening statement after the plaintiffs' evidence had been presented and denied his request to make an opening statement following the opening statement by plaintiffs' counsel. The right to present argument to the jury is part of a party's constitutional right to be represented by an attorney in civil cases, and a court may not deny a party's counsel the right to make an opening statement to the jury. *Nestor v. George*, 354 Pa. 19, 25, 46 A.2d 469, 473 (1946); *Turley v. Hennis Freight Lines, Inc.*, 263 Pa.Super. 523, 532, 398 A.2d 699, 704 (1979). Pa.R.C.P. 223(a)(3), however, suggests that there is discretion in the trial court to regulate addresses by counsel to the jury; and so long as no clear abuse of discretion appears and no right of due process has been violated, the court's exercise of discretion will not be reversed. 8 Std.Pa.Prac. *Conduct of Trial* § 48:13 (1982).

■ In earlier years, it was customary for the defense to make an opening statement to the jury at the conclusion of the plaintiff's evidence. In more recent years, it has become the custom that defense counsel be permitted to determine whether to open to the jury at the conclusion of the opening by plaintiff's counsel or at the conclusion of plaintiff's evidence. This is the better practice and is generally followed by trial courts in this Commonwealth. In this case, however, appellant has failed to demonstrate that she was prejudiced because her counsel was required to make an opening statement at the conclusion of plaintiffs' evidence. Prejudice will not be presumed; and in the absence thereof, we will not reverse the trial court's exercise of discretion.

The trial court instructed the jury that appellant could be found liable on one of two theories. First, the trial court said, "she is liable if she, by the exercise of reasonable care, could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe." (N.T. 1/12–13/84, at 59.) Second, the trial judge charged, appellant should be found liable for any negligence committed by the independent contractor in repairing the

porch. (N.T. 1/12–13/84, at 59.) Appellant argues on appeal that it was error to instruct the jury that the owner was vicariously liable for negligent conduct, if any, of the independent repairman.

■ The law in Pennsylvania is that a landlord cannot be held liable for the negligence of an independent contractor hired to make repairs. An undertaking to make repairs may be delegated to a contractor, for whose independent acts of negligence the landlord will not be liable. *Rubin v. Girard Trust Co.*, 154 Pa.Super. 257, 259, 35 A.2d 601, 602 (1944). See also: *Silveus v. Grossman*, 307 Pa. 272, 161 A. 362 (1932); *Bross v. Varner*, 159 Pa.Super. 495, 496, 48 A.2d 880, 881 (1946); *Martin v. Wentz*, 145 Pa.Super. 424, 21 A.2d 444 (1941).[1]

The trial court's jury instruction was contrary to the law of Pennsylvania. Our review, however, cannot stop there. "To constitute reversible error … an instruction to a jury must be shown not only to have been erroneous but harmful to the party complaining." *Anderson v. Hughes*, 417 Pa. 87, 92, 208 A.2d 789, 791 (1965).

■ A landlord may be held liable for bodily harm suffered by his or her tenants caused by dangerous conditions on portions of the property retained in the landlord's control, if the landlord, by exercising reasonable care, could have discovered the condition and made the condition safe. See: *Smith v. M.P.W. Realty Co.*, 423 Pa. 536, 539, 225 A.2d 227, 229 (1967); *Devine v. Hollander*, 192 Pa.Super. 642, 646, 161 A.2d 911, 913–914 (1960). See also: *Fortunato v. Shenango Limestone Co.*, 278 Pa. 499, 503–504, 123 A. 482, 483 (1924); *Lemmon v. Bufalino*, 204 Pa.Super. 481, 483, 205 A.2d 680, 682 (1964). There was ample evidence in this case that the contractor had recommended replacement

---

1. A decision of the federal district court in *Barclay Woolen Corp. v. W.E. Hulton Dyeing Co.*, 220 F.Supp. 598 (E.D.Pa.1963), is at variance with the Pennsylvania decisions and will not be followed.
   Similarly, a contrary rule espoused by the American Law Institute in Section 419 of the Restatement (Second) of Torts has not been adopted by the courts of this Commonwealth and does not represent the law in Pennsylvania.

of the entire porch and that appellant had rejected his recommendation and had instructed him to limit his repair work to that portion of the porch which had previously been broken. A jury could find, therefore, that appellant knew of the deteriorating and defective condition of the porch and nevertheless made an affirmative decision not to make necessary repairs. Under these circumstances, the landlord would be independently negligent, and the jury could impose liability upon her alone.

The jury, having been asked to determine whether the independent contractor was negligent, found that he had not been negligent in failing to discover and/or repair the part of the porch which broke under the husband-plaintiff. The landlord's liability, therefore, did not rest upon a finding that the contractor had been negligent but upon her own, independent negligence. Under these circumstances, it seems clear that the erroneous instruction regarding the landlord's liability for negligent repairs made by an independent contractor was harmless.

Appellant also contends that the trial court erred when it failed to instruct the jury to determine whether the husband-plaintiff had been guilty of contributory negligence. When a plaintiff's contributory negligence is in issue, it is error for a trial court to fail to charge the jury thereon. *McCullough v. Monroeville Home Association, Post 820, Inc.,* 270 Pa.Super. 428, 431, 411 A.2d 794, 795 (1979). Where there is no evidence of contributory negligence, however, no instruction to the jury on contributory negligence need be given. 27 P.L.E. *Negligence* § 224 (1960). See also: *Heffernan v. Rosser,* 419 Pa. 550, 555, 215 A.2d 655, 657 (1966). In the instant case, the evidence did not show that the husband-plaintiff was testing a known danger or that he should have made use of an alternate route to avoid a known danger. On the contrary, the evidence showed that the defect was latent and neither obvious nor known to him. Therefore, it was not error to fail to charge the jury on contributory negligence. See: *Brancato v. Kroger Co., Inc.,* 312 Pa.Super. 448, 455, 458 A.2d 1377, 1381 (1983).

Finally, appellant argues that a new trial is necessary because plaintiff's counsel expressed a personal opinion regarding the defective condition of the porch and the pain and suffering endured by his client. We disagree. Counsel's argument did not suggest any facts that were not supported by evidence produced during the trial. If his arguments were phrased as expressions of opinion, it is clear that he did not leave the arêna of proven facts. Moreover, he repeatedly cautioned the jury that its collective recollection of the testimony was controlling and not his. A similar instruction was delivered to the jury by the trial court.

The trial court denied a defense motion for mistrial holding that the remarks of plaintiff's counsel did not exceed the bounds of legitimate advocacy. The decision to grant or deny a mistrial because of remarks made by counsel is generally within the sound discretion of the trial court. *Printed Terry Finishing Co., Inc. v. City of Lebanon,* 247 Pa.Super. 277, 299, 372 A.2d 460, 471 (1977). Absent a clear abuse of discretion, an appellate court will not disturb a trial court's ruling. *Abrams v. Philadelphia Suburban Transportation Co.,* 438 Pa. 115, 119, 264 A.2d 702, 704 (1970). See also: *Trayer v. King,* 241 Pa.Super. 86, 92, 359 A.2d 800, 802 (1976); *Wilf v. Philadelphia Modeling and Charm School, Inc.,* 205 Pa.Super. 196, 204, 208 A.2d 294, 298–299 (1965). We have reviewed the argument of counsel but find nothing therein sufficiently egregious to support a finding that the trial court abused its discretion when it denied appellant's motion for mistrial.

Judgment affirmed.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

I agree with the majority that the trial court's jury instruction on appellant-landlord's vicarious liability for the independent contractor's negligence was contrary to the law of this Commonwealth. I must take issue, however, with the majority's conclusion that the erroneous instruction was harmless.

The majority finds ample evidence in this case to support a finding that the contractor recommended replacement of the entire porch but appellant instructed him to repair only a portion thereof. Majority at 371. Thus, "[a] jury *could* find, ..., that appellant knew of the deteriorating and defective condition of the porch and nevertheless made an affirmative decision not to make necessary repairs." *Id.* (Emphasis added.)

Of course, a jury is free to accept all, part, or none of the testimony before it. *Commonwealth v. Stockard,* 489 Pa. 209, 413 A.2d 1088 (1980); *Morrissey v. Commonwealth Department of Highways,* 424 Pa. 87, 225 A.2d 895 (1967). We cannot enter the jury room; nor can we delve into the minds of the jurors who have rendered the verdict.

It is impossible to conclude with absolute certainty in this case that the jury's imposition of liability solely upon appellant-landlord demonstrates that the jury determined the independent contractor was not negligent. Since the jury *may* have found the landlord vicariously liable, based upon the erroneous charge, I would reverse the judgment in favor of the plaintiffs and award a new trial. *Glider v. Commonwealth, Department of Highways,* 435 Pa. 140, 255 A.2d 542 (1969); *McCann v. Amy Joy Donut Shops,* 325 Pa.Super. 340, 472 A.2d 1149 (1984).