## Cressman v. Muhlenberg College

C.P. of Lehigh County, no. 96-C-1171.

*Richard L. Orloski,* for plaintiff.
*Joseph B. Erwin,* for defendant Muhlenberg College.
*Susan Ellis Wild,* for defendant Zeiser Enterprises.

BLACK, *J.,* April 30, 1999—Plaintiff, Thomas E. Cressman, seeks to recover damages for personal injuries sustained when he fell off an A-type ladder while at work for his employer, Phoebe Florists, on the campus of defendant Muhlenburg College. At the time of his fall, plaintiff was attempting to attach metal brackets to one of the center tent poles of a large tent erected by defendant Zeiser Enterprises d/b/a Van Tents, on the Muhlenberg campus. Van Tents had provided and erected

the tent for use by Muhlenberg during its commencement exercises to take place a short time later in May of 1994.

Before the court are motions by both defendants for summary judgment on the ground that plaintiff has failed to produce evidence sufficient to make out a prima facie case of negligence against them. Pennsylvania Rule of Civil Procedure 1035.2(2), as revised in 1996, provides:

"If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

In response to a motion for summary judgment, a plaintiff may not rest upon the allegations in his complaint, but must identify evidence in the record establishing those facts that would warrant submitting the issue of negligence to the jury. See Pa.R.C.P. 1035.3; *Borden Inc. v. Advent Ink Co.,* 701 A.2d 255 (Pa. Super. 1997).

In this case, no expert reports or affidavits have been submitted. Therefore, defendants' motions must be decided on the basis of the depositions on file and any admissions in the pleadings. Those persons deposed were Bud Zeiser, owner of Van Tents; Richard Begbie, a representative of Muhlenberg; and plaintiff himself.

The depositions establish that Muhlenberg had retained plaintiff's employer, Phoebe Florists, to decorate the tent with plants. The plants were to be hung from metal brackets that plaintiff was in the process of installing at the time of his injury. A Phoebe employee on the ground would hand the brackets up to plaintiff, who was on an A-type ladder. Plaintiff would then hand the brackets up

still higher to another Phoebe employee, Pat Farniac, who was on an extension ladder leaning against one of the center tent poles. Ms. Farniac would then attach the brackets to the pole. The center tent poles were constructed in two pieces that were fastened together. For some unexplained reason, on this occasion the pole that Ms. Farniac's ladder was leaning against "separated" or came apart, causing the pole to collapse and plaintiff to be knocked off the ladder he was on.

Plaintiff has not produced evidence of any specific defect in the tent pole that led to its collapse. Instead plaintiff alleges that an inference of causal negligence is warranted against both Muhlenberg and Van Tents under the doctrine of res ipsa loquitur. The rule of circumstantial evidence known as res ipsa loquitur is explained in the Restatement (Second) of Torts §328D(1) (1965), as follows:

"It may be inferred that harm suffered by plaintiff is caused by negligence of the defendant when

"(a) the event is of the kind which ordinarily does not occur in the absence of negligence; and

"(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

"(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff."

This formulation has been adopted by the Pennsylvania Supreme Court. See *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 327 A.2d 94 (1974).

Based on the limited evidence produced by plaintiff, and in particular the lack of any expert report, we do not believe that the requirements of the doctrine of res ipsa loquitur have been established. Therefore, we grant defendants' motions for summary judgment.

## THE CASE AGAINST
## MUHLENBERG COLLEGE

Plaintiff acknowledges that Muhlenberg did not erect the tent and that Van Tents was an independent contractor of the college. Plaintiff argues, nevertheless, that Muhlenberg as the landowner owed an affirmative duty to invitees like plaintiff to use reasonable care to ascertain the actual condition of its premises. See Restatement (Second) of Torts §343 (1965).

The difficulty with plaintiff's argument is that he has produced no evidence that Muhlenberg failed to exercise reasonable care. Muhlenberg is not an insurer of the safety of invitees on its premises. Unless there was a dangerous condition of the premises that Muhlenberg knew or had reason to know of, the college cannot be held responsible. Since plaintiff cannot identify any specific defect that caused the accident, it is impossible for a jury to conclude that Muhlenberg knew or should have known of such a defect. Although Muhlenberg had a duty to inspect the premises, plaintiff has not shown that a reasonable inspection would have disclosed the defect that caused the accident. Therefore, there is not enough evidence for this case to go to a jury against Muhlenberg.

Plaintiff cites *D'Ardenne v. Strawbridge & Clothier Inc.,* 712 A.2d 318 (Pa. Super. 1998), where a plaintiff injured on a department store escalator was held entitled to a res ipsa jury instruction in a suit against the store. However, the doctrine of res ipsa loquitur does not help plaintiff against Muhlenberg. Here, there is no evidence that the tent pole, which had been installed by an independent contractor, Van Tents, would not ordinarily separate or come apart unless the property owner, Muhlenberg, was negligent. Moreover, plaintiff has not eliminated

other potentially responsible causes, such as the conduct of Van Tents in erecting the tent or the conduct of plaintiff's co-worker, Pat Farniac, who was leaning against the pole on the extension ladder when the pole gave way.

Under Pennsylvania law, Muhlenberg is not vicariously liable for negligence on the part of an independent contractor such as Van Tents. See *Speer v. Barry,* 349 Pa. Super. 365, 503 A.2d 409 (1985). Although Muhlenberg as property owner has a nondelegable duty with respect to the premises, the scope of this duty is only to protect invitees from conditions of the premises that Muhlenberg knew or in the exercise of reasonable care should have known to be unsafe. A property owner is not liable for unknown defects unless a reasonable inspection would have disclosed the defects. See *Miller v. Hickey,* 368 Pa. 317, 81 A.2d 910 (1951); *Kehres v. Stuempfle,* 288 Pa. 534, 136 A. 794 (1927); *Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 690 A.2d 719 (1997).

Significantly, plaintiff himself testified in his deposition that he did not see anything wrong with the tent pole, even though he had been working right next to it. If plaintiff could not see anything hazardous about the pole, we cannot infer that Muhlenberg knew or should have known of any danger.

For these reasons, plaintiff has failed to identify evidence that makes out a prima facie case of negligence on the part of Muhlenberg. Therefore, summary judgment must be granted in favor of Muhlenberg.

## THE CLAIM AGAINST VAN TENTS

Plaintiff's case against Van Tents also relies on the doctrine of res ipsa loquitur. Plaintiff argues that an in-

ference can be drawn that Van Tents was negligent in installing the tent; otherwise the accident would not have happened.

We believe it is a fair inference from the deposition testimony of Zeiser and from ordinary human experience that a two-piece tent pole usually will not separate or come apart if it has been erected properly. Zeiser testified that he had been installing tents for eight years, that he was surprised that the tent pole had collapsed, and that he had no explanation. He could envision this happening perhaps in a time of extremely windy conditions, but that was not the situation here. Zeiser had never known a tent to collapse, and only once had he been unable to erect a tent because of bad weather. See deposition of Bud Zeiser at 39, 58.

However, plaintiff is unable to satisfy the second res ipsa requirement, *i.e.,* that "other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence." Restatement (Second) of Torts §328D(1)(b) (1965). Based on the limited evidence submitted, it seems quite possible that Ms. Farniac's activity on the ladder could have caused the pole to collapse. We cannot reasonably infer, without expert testimony to this effect, that a properly installed tent pole should have been able to withstand the force of Ms. Farniac leaning against it on an extension ladder. The physical force involved was affected by many different factors, such as the height of the pole, the length of the ladder, the elevation of the ladder where it made contact with the pole, the angle of the ladder, the weight of the ladder, the weight of Ms. Farniac, her elevation on the ladder, and the direction or manner in which she was leaning or moving. Perhaps an engineering expert could

analyze these factors and conclude that the actions of Ms. Farniac on the ladder were not a responsible cause of the accident. However, this court is in no position to make such a judgment. Nor could a jury of laypersons do so.

The testimony of Zeiser does not help plaintiff on this point. Zeiser was not asked, and did not testify, whether a properly installed tent pole is to be able to withstand the weight of a person such as Ms. Farniac leaning against it on a ladder of the type here involved. We do not know whether ladders were placed against the tent poles in any of Van Tents' other installations. Nor did his testimony or that of any other witness provide a basis for finding that Van Tents should have foreseen that workers would be leaning ladders against tent poles in the manner that occurred here. Therefore, Zeiser's testimony does not exclude Ms. Farniac's actions as a possible cause of the accident.

This case is unlike *D'Ardenne v. Strawbridge & Clothier, supra,* where the injury-causing escalator was operated solely by the defendant department store and expert testimony was presented to eliminate other potential causes. In the instant case, the actions of Van Tents are not the only possible cause of the accident because we have not been presented with any evidence, expert or otherwise, that sufficiently eliminates Ms. Farniac and her ladder as a responsible cause.

This case is also distinguishable from the "falling plaster" example cited by plaintiff from the restatement. Restatement (Second) of Torts §328D, cmt. e, illus. 4 (1965). In the example, plaster fell from the ceiling of a hotel onto a guest. The doctrine of res ipsa loquitur warranted an inference of negligent maintenance by the ho-

tel, even though the falling plaster could have been caused conceivably by guests jumping up and down on the floor above. The distinction is that, in the restatement example, the possible other causes were merely theoretical without any evidentiary basis. There was no evidence that guests were in fact jumping up and down on the floor above. In the instant case, there is undisputed direct evidence that Ms. Farniac was working on a ladder that was leaning against the tent pole.

## THE CASE FOR JOINT LIABILITY

Plaintiff argues that even if the res ipsa doctrine does not apply separately to each of the defendants, surely at least one of the defendants must have been at fault—either Van Tents in erecting the tent or Muhlenberg in maintaining or inspecting it. Therefore, plaintiff contends that we should send the case to the jury on a res ipsa theory and allow the jury to decide whether either or both defendants were negligent. See Restatement (Second) of Torts §328D cmt. g, illus. 8 (1965) (sign affixed to outside of building fell on passerby; jury could find against property owner or tenant or both on res ipsa loquitur theory).

The problem with this argument is the same problem referred to above. Plaintiff's evidence does not exclude a third cause other than Van Tents or Muhlenberg, *i.e.,* the actions of plaintiff's co-employee, Ms. Farniac. Because this potential cause has not been excluded, plaintiff cannot meet the second requirement for the doctrine of res ipsa loquitur to apply. Ms. Farniac and the leaning ladder represent a potential responsible cause not attributable to either of the defendants on the record before this court. In the sign example cited above, if, when the

sign fell, someone had been working on a ladder that was leaning against the sign, the doctrine of res ipsa loquitur would not have applied.

For the foregoing reasons, we have concluded that summary judgment should be entered in favor of both defendants.

## ORDER

Now, April 30, 1999, upon consideration of defendants' motions for summary judgment and plaintiff's response thereto, after oral argument and for the reasons set forth in the accompanying opinion, it is ordered that defendants' motions are granted, and judgment is hereby entered in favor of both defendants against plaintiff.